UNITED STATES of America, Plaintiff-Appellee,

v.

Patrick "Sonny" PARKER, Defendant-Appellant.

No. 76–1149

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 24, 1976.

Kenneth R. Cain, David C. Emery, Ozark, Ala., for defendant-appellant.

dation prepared by a Taiwan employer six months before Tuan's arrival in the United States.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is the sufficiency of the evidence to support the appellant's conviction for distribution of an amphetamine drug in violation of 21 U.S.C.A. § 841(a)(1). We find the evidence ample to support the conviction and accordingly affirm.

In the prosecution of this case the government presented four witnesses consisting of two DEA officers, a government chemist, and a Miss Paula George who testified that she obtained amphetamines from the defendant shortly before the transaction which was the subject of this indictment. The evidence established that the appellant, Mr. Parker, sold agent Lassiter several "pink hearts," which is a slang reference to a drug referred to, in chemical parlance, as di-amphetamine sulfate which is a schedule II controlled substance under the statute. The identity of the drug as a controlled substance was clearly established by the testimony of Mr. Hufsey, the government chemist. Also, the transaction in question was thoroughly established by the testimony of the government witnesses and the appellant's pattern of drug dealings was not only established by the testimony of the DEA officers but also by the testimony of Miss George.

The defense made no timely motion for judgment of acquittal and the question of sufficiency of the evidence was not preserved for appellate review unless to deny the appeal of this issue would foster a manifest miscarriage of justice. *See United States v. Perez,* 5 Cir., 1976, 526 F.2d 859, 864 n. 7 and the cases cited therein. We hold that the government presented ample evidence to support the jury's guilty verdict and the appellant's resulting conviction and sentence and that such conviction and sentence do not result in a "manifest miscarriage of justice."

AFFIRMED.